UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>LONG THANH LAM,<br>    Defendant. | Case No. 08-cr-00461-PJH-10<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION**<br>Re: Dkt. No. 803 |

Before the court is the pro se motion of Long Thanh Lam ("movant") to modify and reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(b)(1) in light of Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."). Doc. no. 803. Having carefully considered the papers, the record, and relevant legal authorities, the court DENIES the motion for the following reasons.

I. **Background**

On July 15, 2008, movant was charged via indictment for the following offenses: count one – conspiracy to distribute and possess with intent to distribute 3,4 methylenedioxymethamphetamine (MDMA) and marijuana, in violation of 21 U.S.C. § 846; and count ten – distribution and possession with intent to distribute MDMA, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C) and 18 U.S.C. § 2. Doc. no. 1. On September 21, 2010, a superseding indictment was filed, charging movant with the following offenses: count one – conspiracy to distribute and possess with intent to distribute MDMA, in violation of 21 U.S.C. § 846; count two – distribution and possession with intent to distribute MDMA, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C) and 18 U.S.C. § 2; count three – felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); count four – felon in possession of ammunition, in violation of 18

1 U.S.C. § 922(g)(1); and count five – unlawful possession of body armor, in violation of 18
2 U.S.C. § 931. Doc. no. 542.

Movant pled guilty to counts one through five of the superseding indictment. Doc. no. 786. The presentence report noted that based on movant's total offense level of 30, and a criminal history category II, movant's guideline range for imprisonment was 108 to 135 months. PSR ¶ 87.

On August 7, 2012, the court sentenced movant below the guideline range, to 84 months imprisonment as to counts one through five, with all terms to be served concurrently; and three years of supervised release on each of counts one through five, to run concurrently. Doc. no. 786.

**II. Discussion**

"In general, federal courts lack jurisdiction to 'modify a term of imprisonment once it has been imposed.'" *United States v. Austin*, 676 F.3d 924, 927 (9th Cir. 2012) (quoting § 3582(c)). However, § 3582(c)(2) provides a narrow exception:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Effective November 1, 2014, Amendment 782 revises the Drug Quantity Table in U.S.S.G § 2D1.1, applicable to sentences imposed for certain drug-related convictions. Although Amendment 782 may be applied retroactively to previously-sentenced defendants, the court may not order a reduction in sentence based on Amendment 782 unless the effective date of the order reducing the term of imprisonment is November 1, 2015, or later. U.S.S.G. § 1B1.10(e)(1). Except in the case of substantial assistance, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum guideline

2

1   range." U.S.S.G. § 1B1.10(b)(2)(A).

2       Movant seeks a reduction of his 84-month sentence pursuant to the two-level reduction of the offense level under Amendment 782. On March 24, 2015, the Federal Public Defender's Office filed a statement of non-intervention with respect to the instant motion to reduce sentence. Doc. no. 817. The Federal Public Defender's Office stated that upon review of the motion to reduce sentence, it did not seek appointment or leave to intervene in the motion. *Id.*

On August 31, 2015, the Probation Office filed a sentence reduction investigation report addressing whether movant is entitled to a sentence reduction under Amendment 782. Doc. no. 823. The Probation Office reviewed movant's presentence report, as well as the statement of reasons, which revealed that movant received a downward variance based on 18 U.S.C. § 3553(a)(1) factors. *Id.* The Probation Office noted that pursuant to the revised offense level under the amended guidelines, movant's new guideline range is 87 to 108 months imprisonment, which is lower than the original guideline range, but results in a minimum prison term that is higher than the 84-month sentence imposed by the court. *Id.* The Probation Office concluded that movant is not eligible for a reduction in his sentence because movant's new guideline range (87-108 months) is not lower than his original sentence. *Id.* (erroneously referring to the "original guideline range," rather than the original sentence).

In this case, U.S.S.G. § 1B1.10(b)(2)(A) prohibits the court from reducing movant's sentence "to a term that is less than the minimum guideline range." Because movant was sentenced to a below-guideline prison term of 84 months, which is lower than the revised guideline range of 87-108 months, movant is not eligible for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

\\\

\\\

**III. Conclusion**

For the foregoing reasons, the motion for sentence reduction is DENIED.

**IT IS SO ORDERED.**

Dated: December 2, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge