1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6
7   UNITED STATES OF AMERICA,

8                      Plaintiff,              Case No.  08-cr-00461-PJH-10

9           v.                                **ORDER GRANTING IN PART AND
                                              DENYING IN PART MOTION TO
10  LONG THANH LAM,                           VACATE, SET ASIDE, OR CORRECT
                                              SENTENCE; GRANTING
11                     Defendant.             CERTIFICATE OF APPEALABILITY**

12  _____           Doc. no. 832
13

14          Before the court is the represented motion of Long Thanh Lam ("movant") for an

15  order under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  Doc. no. 832.

16  The court issued an order to show cause, and the government filed an opposition to the

17  motion, doc. no. 842.  The government subsequently filed a motion to stay, doc. no. 843,

18  which the court denies as set forth below.  Movant filed a reply brief.  Doc. no. 844.  The

19  matter is submitted on the papers and is suitable for decision without oral argument.

20  Having reviewed the record and carefully considered the parties' papers and relevant

21  authority, the court GRANTS IN PART AND DENIES IN PART the § 2255 motion.

22                              **BACKGROUND**

23          Movant is currently serving a sentence imposed by this court.  On September 21,

24  2010, movant was charged in a superseding indictment with the following counts:  Count

25  One for conspiracy to distribute and possess with intent to distribute MDMA, in violation

26  of 21 U.S.C. § 846; Count Two for distribution and possession with intent to distribute

27  MDMA, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); Counts Three and Four for

28  being a felon in possession of firearms and ammunition, in violation of 18 U.S.C.

United States District Court
Northern District of California

§ 922(g)(1); and Count Five for unlawful possession of body armor, in violation of 18 U.S.C. § 931.  Doc. no. 542.  On May 4, 2011, movant pleaded guilty to all counts without a plea agreement.  After filing a motion to withdraw his guilty plea, doc. no. 710, which the court granted, movant again entered an open guilty plea to all five counts on March 21, 2012.  Doc. no. 767.

The probation office prepared a presentence report ("PSR") which recommended a base offense level of 32 for the grouped drug counts (Counts One and Two), based on 2,666.3 kilograms of marijuana equivalent; an enhanced base offense level of 24, under U.S.S.G. § 2K2.1(a)(2), for the grouped firearms counts (Counts Three and Four) based on its determination that movant had two prior convictions for felony crimes of violence, i.e., two counts of California robbery; and a base offense level of 10 for the body armor count.  *See* PSR ¶¶ 28-49.  After applying a multiple-count adjustment pursuant to U.S.S.G. § 3D1.4, the PSR calculated a combined adjusted offense level of 33.  The PSR recommended a three-level downward adjustment for acceptance of responsibility, resulting in a total offense level of 30.  With a criminal history category of II (3 points), the applicable guidelines range was calculated as 108-135 months imprisonment.  PSR ¶¶ 50-55, 58-59, 87.

The court held a sentencing hearing on August 1, 2012.  The court adopted the guidelines calculation in the PSR of 108-135 months imprisonment.  Both the probation office and the government recommended a low-end guideline sentence of 108 months imprisonment.  The court granted the defense request for a downward departure, over the government's objection, and sentenced movant to 84 months imprisonment as to each of the five counts, with all terms to be served concurrently; three years of supervised release on each count, to run concurrently; and a special assessment of $500.  Judgment (doc. no. 786).  In imposing a below-guideline sentence, the court considered the relevant factors under 18 U.S.C. § 3553(a), as noted in the PSR and the parties' sentencing memoranda, including the nature and circumstances of the offense and movant's history and characteristics; to reflect the seriousness of the offense, to

promote respect for the law, and to provide just punishment for the offense; to afford

adequate deterrence to criminal conduct; and to avoid unwarranted sentencing disparities

among defendants.  Statement of Reasons.

Prior to filing the instant § 2255 motion, movant filed a pro se motion to reduce

sentence pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the

Sentencing Guidelines.  Doc. no. 803.  The court denied the § 3582(c)(2) motion on the

ground that the original sentence of 84 months was below the revised guideline range

under the amended guidelines.  Doc. no. 830.

**ISSUES PRESENTED**

In his § 2255 motion, movant presents the following claims of due process

violations: (1) that he was convicted of unlawful possession of body armor, in violation of

18 U.S.C. § 931, based on a determination that his prior conviction under California's

robbery statute qualified as a crime of violence as defined in 18 U.S.C. § 16(b), which

has been rendered unconstitutionally vague by *Johnson v. United States*, 135 S. Ct. 2551

(2015); and (2) that his guideline range for the felon in possession counts was enhanced

based on the determination that his prior robbery conviction qualified as a crime of

violence as defined in the residual clause of U.S.S.G. § 4B1.2, as incorporated by

§ 2K2.1, which has been invalidated by *Johnson.*

**LEGAL STANDARD**

Under the federal habeas statute, relief may be granted to a federal prisoner

challenging the imposition or length of sentence on four grounds: (1) if the sentence

violated the Constitution or laws of the United States; (2) if the sentencing court was

without jurisdiction to impose sentence; (3) if the sentence exceeded the maximum

penalty allowed by law; or (4) if the sentence is otherwise subject to collateral attack.  28

U.S.C. § 2255.  Despite this broad language, violations of federal law are only cognizable

if they involve a "fundamental defect" causing a "complete miscarriage of justice."  *Davis*

*v. United States*, 417 U.S. 333, 346 (1974).

**DISCUSSION**

**I.     Motion to Stay**

In his first claim, movant contends that his sentence and conviction for violation of 18 U.S.C. § 931 violates due process of law because the offense requires a prior conviction for a crime of violence, as defined in 18 U.S.C. § 16, and his prior robbery conviction under California Penal Code § 211 no longer qualifies as a predicate crime of violence, in light of *Johnson.* In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), defining a "violent felony" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another," violates the Constitution's guarantee of due process against vague criminal laws. 135 S. Ct. at 2563. In support of his challenge to the § 931 conviction, movant relies on the Ninth Circuit's holding in *Dimaya,* which is under certiorari review by the Supreme Court. *See Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted, Lynch v. Dimaya*, 137 S. Ct. 31 (Sept. 29, 2016), *argued* Jan. 17, 2017. There, the Ninth Circuit applied *Johnson* to hold that the definition of a crime of violence in § 16(b) is void for vagueness. *Dimaya,* 803 F.3d at 1115.

The government moves to stay the proceedings on the § 2255 motion until the Supreme Court has decided the issues presented in *Dimaya*, noting that movant is currently scheduled to be released from custody on September 12, 2018, more than a year after the end of the Supreme Court's current term ending June 30, 2017. Doc. no. 843. Ninth Circuit authority recognizes, however, that "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (holding that the district court abused its discretion by staying a habeas petition pending resolution of an appeal in a case before the Ninth Circuit presenting similar issues to be decided). Given the potential five-month delay until the Supreme Court issues a decision in *Dimaya,* and given that only one of movant's claims rests on the Ninth Circuit's decision in *Dimaya,* which remains binding on this court until a ruling by the Supreme

4

Court, considerations of judicial economy do not justify entering a stay here.  *See Yong*,

208 F.3d at 1119 n.2 ("once a federal circuit court issues a decision, the district courts

within that circuit are bound to follow it and have no authority to await a ruling by the

Supreme Court before applying the circuit court's decision as binding authority").

Accordingly, the government's motion to stay the § 2255 motion is DENIED.

## II.    Procedural Default

The government contends that movant is barred from raising the *Johnson* claims

on a collateral challenge to the judgment because he failed to raise the claims at

sentencing or on direct review and has not demonstrated cause and prejudice to excuse

the procedural default.  Opp. at 4-8.  "Where a defendant has procedurally defaulted a

claim by failing to raise it on direct review, the claim may be raised in habeas only if the

defendant can first demonstrate either cause and actual prejudice, or that he is actually

innocent."  *United States v. Ratigan*, 351 F.3d 957, 964 (9th Cir. 2003) (quoting *Bousley

v. United States*, 523 U.S. 614, 622 (1998) (internal citations and marks omitted)).  There

is no dispute that movant did not challenge the crime of violence determinations as

unconstitutionally void at the time of sentencing and that he did not appeal his conviction

or sentence.  Movant argues that his procedural default is excused by cause and

prejudice.  He also asserts actual innocence as to his conviction for unlawful possession

of body armor to excuse the procedural default.  Reply at 1-8.

### A.    Cause

"To allege cause for a procedural default, a petitioner must assert that the

procedural default is due to an 'objective factor' that is 'external' to the petitioner and that

'cannot fairly be attributed to him.'"  *Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir.

2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)).  Under this standard, "a

showing that the factual or legal basis for a claim was not reasonably available to

counsel" establishes cause for a procedural default.  *Murray v. Carrier*, 477 U.S. 478, 488

(1986).  The government argues that the void for vagueness claims were not so novel

that movant could be excused for failing to raise them at sentencing or on appeal.  Opp.

United States District Court
Northern District of California

United States District Court
Northern District of California

at 7 (citing *Reed v. Ross*, 468 U.S. 1, 16 (1984)).  While the Supreme Court has held that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time," *Bousley*, 523 U.S. at 623, the legal basis for a vagueness challenge to the guidelines was "not reasonably available to counsel" in light of the Supreme Court's holdings in *James v. United States*, 550 U.S. 192 (2007) and *Sykes v. United States*, 131 S. Ct. 2267 (2011), both of which were expressly overruled by *Johnson.*  As Justice Scalia noted in his discussion of the Court's prior rulings on the ACCA, "[i]n both *James* and *Sykes*, the Court rejected suggestions by dissenting Justices that the residual clause violates the Constitution's prohibition of vague criminal laws." *Johnson*, 135 S. Ct. at 2556.  In light of this authority, the court finds cause for movant's failure to raise the vagueness challenges on direct appeal.

**B.    Prejudice**

To establish the prejudice prong to excuse the failure to raise a claim on direct appeal, a defendant must show not merely "a *possibility* of prejudice," but that the alleged error "'worked to his *actual* and substantial disadvantage.'"  *United States v. Braswell*, 501 F.3d 1147, 1150 (9th Cir. 2007) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).  To satisfy the cause and prejudice test to excuse procedural default, a defendant must demonstrate prejudice "significantly greater than that necessary under the more vague inquiry suggested by the words 'plain error.'"  *Murray*, 477 U.S. at 493-94.  The government contends that defendant has not demonstrated actual prejudice. Opp. at 7-8.

With respect to the § 931 conviction for unlawful possession of body armor, movant has established prejudice by arguing that his conviction is invalid because under *Johnson,* robbery under California law does not qualify as a predicate crime of violence, as defined in 18 U.S.C. § 16, which is required for the § 931 offense.

With respect to the enhanced offense level for the firearms counts, movant argues that without the crime of violence enhancement on the grouped firearms counts, Group Two, the base offense level on the firearms counts would have decreased from 24 to 14,

United States District Court
Northern District of California

1    rendering the one-level upward adjustment for multiple counts pursuant to U.S.S.G.

2    § 3D1.4 inapplicable.  Applying the current guidelines which provide for a base offense

3    level of 30 for the grouped drug offenses, Group One, and the three-level adjustment for

4    acceptance of responsibility, movant contends that without the crime of violence

5    enhancement, his total offense level would be 27, with criminal history category II,

6    resulting in a guideline range of 78 to 97 months.  Mot. at 2.  Although movant's 84-

7    month sentence falls within this revised guideline range, defendant has sufficiently shown

8    that the alleged sentencing error worked to his "actual and substantial disadvantage,"

9    given the six-month discrepancy between the low end of the revised guideline range

10   without the crime of violence enhancement and the actual sentence of 84 months

11   imposed by the court.

12          Having found cause and prejudice to excuse procedural default as to both

13   *Johnson* claims, the court does not reach the question whether actual innocence as to

14   the § 931 conviction also excuses procedural default.  The court proceeds to consider

15   whether the holding of *Johnson* applies retroactively to a collateral challenge to the crime

16   of violence determination.

17   **III.    Retroactivity**

18          Movant asserts that *Johnson* should be applied retroactively to his collateral

19   challenges to the crime of violence determinations under 18 U.S.C. § 16(b) and the

20   Sentencing Guidelines.  Mot. at 15.  The government contends that the holding of

21   *Johnson* does not apply retroactively on collateral review of a sentencing enhancement

22   under the plurality opinion in *Teague v. Lane*, 489 U.S. 288 (1989), which recognized two

23   exceptions to the general principle that new rules do not apply to cases which became

24   final before the new rules were announced.  Opp. at 13-19.  The first exception to the

25   nonretroactivity principle under *Teague* and its progeny is for "[n]ew *substantive* rules,"

26   including "decisions that narrow the scope of a criminal statute by interpreting its terms,"

27   and rules "that place particular conduct or persons covered by the statute beyond the

28   State's power to punish."  *Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004) (citations

United States District Court
Northern District of California

1  and internal marks omitted).  "Such rules apply retroactively because they necessarily

2  carry a significant risk that a defendant stands convicted of an act that the law does not

3  make criminal or faces a punishment that the law cannot impose upon him."  *Id.* at 352

4  (citations and internal marks omitted).  The second, more limited exception under the

5  *Teague* doctrine is for "'watershed rules of criminal procedure' implicating the

6  fundamental fairness and accuracy of the criminal proceeding."  *Saffle v. Parks*, 494 U.S.

7  484, 495 (1990).  *See Beard v. Banks*, 542 U.S. 406, 417 (2004) (noting that the

8  Supreme Court has "yet to find a new rule that falls under the second *Teague* exception")

9  (internal citations and marks omitted).  Because the government asserts that *Teague*

10  bars retroactive application of *Johnson* to movant's claim, "the court *must* apply *Teague*

11  before considering the merits of the claim."  *Caspari v. Bohlen*, 510 U.S. 383, 389 (1994).

12      **A.**    **Section 931 Conviction**

13      As to movant's collateral challenge to his § 931 conviction, *Johnson* applies

14  retroactively under the reasoning of *Welch v. United States*, 136 S. Ct. 1257, 1264-65

15  (2016).  In *Welch,* the Supreme Court held that *Johnson* announced a new substantive

16  rule that has retroactive effect on collateral review of a sentence based on a finding that a

17  prior robbery conviction qualified as a violent felony conviction under the residual clause

18  of the ACCA, which was held invalid in *Johnson.*  In holding that *Johnson* announced a

19  substantive, rather than procedural rule, the Court in *Welch* reasoned, "By striking down

20  the residual clause as void for vagueness, *Johnson* changed the substantive reach of the

21  Armed Career Criminal Act, altering 'the range of conduct or the class of persons that the

22  [Act] punishes.'"  *Id.* at 1265 (quoting *Schriro*, 542 U.S. at 353).  Here, as in *Welch*, the

23  holding of *Johnson* affected the reach of the underlying statute prohibiting possession of

24  body armor by violent felons, which requires as an element of the offense that the

25  defendant "has been convicted of a crime of violence (as defined in section 16)."  18

26  U.S.C. § 931(a)(1).

27      **B.**    **Sentencing Enhancement**

28      As to movant's *Johnson* challenge to the sentencing enhancement under the

United States District Court
Northern District of California

1  firearms guidelines, the court notes that this threshold issue of retroactivity is pending

2  before the Supreme Court in *Beckles v. United States*, No. 15-8544, where the Court

3  granted certiorari review on the questions whether *Johnson* applies retroactively to

4  collateral cases challenging federal sentences enhanced under the residual clause in

5  U.S.S.G. § 4B1.2(a)(2), and whether *Johnson*'s constitutional holding applies to the

6  residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences

7  enhanced under it cognizable on collateral review.

8      In support of retroactive application of *Johnson*, movant cites *Reina-Rodriguez v.*

9  *United States*, 655 F.3d 1182 (9th Cir. 2011), where the Ninth Circuit held that a new

10  substantive rule limiting a crime of violence as defined under the Armed Career Criminal

11  Act applies retroactively to a § 2255 motion challenging the definition of a crime of

12  violence under the Sentencing Guidelines.  In *Reina-Rodriguez*, the court held that the en

13  banc decision in *Grisel,* that a prior burglary conviction is not a categorical crime of

14  violence under the ACCA if the underlying state statute defines "burglary to include non-

15  buildings adapted for overnight accommodation," announced a substantive rule because

16  it altered the punishment that can be imposed on federal defendants under the ACCA.

17  *Reina-Rodriguez*, 655 F.3d at 1187 (citing *United States v. Grisel*, 488 F.3d 844 (9th Cir.

18  2007) (en banc)).  Accordingly, the court in *Reina-Rodriguez* concluded that *Teague* did

19  not bar retroactive application of *Grisel* to a § 2255 habeas motion challenging a

20  sentencing enhancement pursuant to U.S.S.G. § 2L1.2 based on a prior burglary

21  conviction.  655 F.3d at 1189.

22      The government does not address the holding of *Reina-Rodriguez,* but argues that

23  *Johnson,* as applied to the Sentencing Guidelines, is a procedural rule, rather than a

24  substantive rule as the Court found in *Welch* when applied to the ACCA.  The

25  government contends that a "rule invalidating the crime-of-violence residual clause would

26  establish that the defendant's Guidelines range was incorrectly calculated, but it would

27  not disturb the statutory boundaries for sentencing set by Congress for the crime."  Opp.

28  at 15-16 (citing *In re Griffin*, 823 F.3d 1350, 1355 (11th Cir. 2016) (denying leave to file

United States District Court
Northern District of California

1  second or successive § 2255 motion seeking retroactive application of *Johnson* to the

2  Sentencing Guidelines)).  Since *Welch* was decided, other circuits have squarely

3  addressed, and rejected, the government's argument that *Johnson* announced a non-

4  retroactive procedural rule as applied to the career offender provisions of the Sentencing

5  Guidelines.  *See In re Patrick*, 833 F.3d 584, 587-88 (6th Cir. 2016); *In re Hubbard*, 825

6  F.3d 225, 230 (4th Cir. 2016).  The Ninth Circuit has not reached the precise issue

7  whether *Johnson* is procedural, for purposes of a *Teague* retroactivity analysis, when

8  applied to the residual clause of the career offender guideline, § 4B1.2(a)(2).  *See United*

9  *States v. Lee*, 821 F.3d 1124, 1127 (9th Cir. 2016) (declining, on direct review, to reach

10  the constitutional question whether *Johnson* applied to the Sentencing Guidelines and

11  rendered the residual clause of § 4B1.2(a)(2) unconstitutionally void because "neither of

12  Lee's convictions would qualify as a 'crime of violence' under our pre-*Johnson* caselaw").

13      Following *Reina-Rodriguez,* in light of the reasoning of *Welch* and the highly

14  persuasive reasoning of the circuit courts in *Hubbard* and *Patrick*, the court determines

15  that the holding of *Johnson* is a substantive rule as applied to the crime of violence

16  definition under § 4B1.2, as incorporated by § 2K2.1, on the ground that extending

17  *Johnson* to invalidate the residual clause of § 4B1.2(a)(2) "alters . . . the range of conduct

18  or class of persons that the law punishes."  *Welch*, 136 S. Ct. at 1266 (citations omitted).

19  Thus, under the *Teague* doctrine, *Johnson* applies retroactively to movant's collateral

20  challenge to the crime of violence sentencing enhancement.

21  **IV.    Crime of Violence**

22      **A.    Section 931 Conviction**

23      Movant claims that his conviction and sentence for unlawful possession of body

24  armor, in violation of 18 U.S.C. § 931, are unconstitutional.  Section 931(a)(1) prohibits

25  possession of body armor by a person who has been convicted of a felony that is a crime

26  of violence as defined in 18 U.S.C. § 16, which defines a crime of violence as

27          (a) an offense that has as an element the use, attempted use,
            or threatened use of physical force against the person or
28          property of another, or

10

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Movant challenges the court's determination that California Penal Code § 211 constitutes a predicate crime of violence underlying the § 931 conviction, and contends that the court is bound by the Ninth Circuit's holding in *Dimaya,* which is currently under review by the Supreme Court. *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted, Lynch v. Dimaya*, 137 S. Ct. 31 (Sept. 29, 2016), *argued* Jan. 17, 2017. In *Dimaya*, the Ninth Circuit held that § 16(b) was "subject to the same constitutional defects" as the "residual clause" definition of a violent felony in 18 U.S.C. § 924(e)(2)(B) which was declared unconstitutional in *Johnson.* 803 F.3d at 1115. Accordingly, the court in *Dimaya* held that "*Johnson* dictates that § 16(b) be held void for vagueness." *Id.*

Here, the government does not contend that § 211 robbery qualifies as a crime of violence under the force clause of § 16(a), but argues that § 211 remains a crime of violence under the definition set forth in § 16(b), which the government contends is not void for vagueness. Opp. at 8 n.4. The government concedes that this court is currently bound by *Dimaya,* but takes the position that *Dimaya* was wrongly decided. Opp. at 4 n.2. The government does not otherwise assert an alternative ground for finding a prior conviction for a crime of violence to support movant's § 931 conviction. Opp. at 8. As the judgment entered by the court of appeals in *Dimaya,* 803 F.3d 1110, has not been vacated, the court follows its holding to find that the residual clause of § 16(b) is void for vagueness under *Johnson* and that the prior conviction for robbery under Penal Code § 211 does not qualify as a predicate crime of violence for purposes of 18 U.S.C. § 931.

Accordingly, movant is entitled to relief from his conviction and sentence on Count Five for violation of § 931.

**B.    Sentencing Enhancement**

Movant also challenges the 10-level sentencing enhancement pursuant to

U.S.S.G. § 2K2.1, based on the court's determination that his prior conviction for robbery[1] qualified as a crime of violence as defined in § 4B1.2. A "crime of violence" is defined at § 4B1.2 under the "force clause" (or "elements clause") in subsection (a)(1) and under the "enumerated offenses clause" and the "residual clause" in subsection (a)(2):

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2. The residual clause of § 4B1.2(a)(2) is identical to the residual clause of the violent felony definition in the ACCA, which *Johnson* held void for vagueness. 135 S. Ct. at 2563.

Movant contends that in light of *Johnson,* robbery under Penal Code § 211 does not qualify as a crime of violence under the void residual clause of § 4B1.2(a)(2). Although the government does not concede that *Johnson* applies retroactively to movant's claim, the government responds that robbery is a crime of violence within the meaning of § 4B1.2 as an enumerated offense, without relying on the residual clause, citing Application Note 1 to § 4B1.2. Opp. at 10-13.

### 1.    Penal Code § 211 Constitutes Generic Robbery or Generic Extortion Under Ninth Circuit Authority

In *Becerril-Lopez*, decided before *Johnson,* the Ninth Circuit reviewed the list of enumerated offenses in the commentary to § 2L1.2, applicable to unlawful reentry offenses, which defined a crime of violence to mean any of the following:

---

[1]    Movant contends that the PSR erroneously determined that he had two prior felony crimes of violence for a conviction of two counts of robbery, which should have been counted as one prior conviction for determining the base offense level pursuant to § 2K2.1, but does not seek § 2255 relief based on this alleged error. Reply at 15 n.10.

> murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, **robbery**, arson, **extortion**, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

*United States v. Becerril-Lopez*, 541 F.3d 881, 890 (9th Cir. 2008) (citing U.S.S.G. § 2L1.2 cmt.) (emphasis added). There, the court held that "if a conviction under Cal. Penal Code § 211 involved a threat not encompassed by generic robbery, it would necessarily constitute generic extortion and therefore be a 'crime of violence' under U.S.S.G. § 2L1.2." *Id.* at 892. The court concluded that a robbery conviction under Cal. Penal Code § 211 was a categorical crime of violence for purposes of U.S.S.G. § 2L1.2." *Id.* at 891-93. *Accord United States v. Castillo*, 811 F.3d 342, 348 (10th Cir. 2015).

In *United States v. Dixon*, 805 F.3d 1193, 1194 (9th Cir. 2015), the court distinguished *Becerril-Lopez*, without questioning its validity in the wake of *Johnson,* to hold that a violation of Cal. Penal Code § 211 does not meet the ACCA's definition of "violent felony," as set forth in 18 U.S.C. § 924(e)(1), which includes extortion but does not include robbery among the enumerated offenses. "We previously determined that CPC § 211 is categorically a 'crime of violence' under U.S.S.G. § 2L1.2 because, in all its applications, CPC § 211 always constitutes either generic robbery or generic extortion, both of which are included in U.S.S.G. § 2L1.2's definition of "'crime of violence.'" *Id.* at 1196 (citing *United States v. Flores-Mejia*, 687 F.3d 1213, 1215–16 (9th Cir. 2012) (holding that § 211 remains a categorical crime of violence under the "enumerated offenses" definition in U.S.S.G. § 2L1.2); *Becerril-Lopez*, 541 F.3d at 892-93). Because "the ACCA's definition of 'violent felony' includes only generic extortion [and] omits generic robbery," the court in *Dixon* determined that "although they are useful precedents, *Flores-Mejia* and *Becerril-Lopez* do not control the outcome of this case." *Id.*

In several unpublished decisions, the Ninth Circuit has continued to recognize *Becerril-Lopez* as controlling law on the issue whether the California robbery statute is a categorical crime of violence as defined under the Sentencing Guidelines. *See United*

United States District Court
Northern District of California

*States v. Tate*, 659 Fed. Appx. 386, 2016 WL 4191909 at *1 (9th Cir. Aug. 9, 2016) ("*Becerril-Lopez* controls here: Tate, who committed robbery under § 211, necessarily committed either generic robbery or generic extortion, which are both listed as crimes of violence in §§ 4B1.2(a)(2) and 4B1.2's Application Note 1."), *cert. pet. filed,* No. 16-7365 (Dec. 15, 2016); *United States v. Manzo-Solano*, 648 Fed. Appx. 696, 2016 WL 1554120 at *1 (9th Cir. April 18, 2016) (holding that *Becerril-Lopez* foreclosed the defendant's argument on direct appeal "that the district court erred in applying a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because his prior conviction for second degree robbery under California Penal Code §§ 211 and 212.5(c) is not a crime of violence."); *United States v. Mazariego-Gomez*, 648 Fed. Appx. 698, 2016 WL 1554135 at *1 (9th Cir. April 18, 2016) (appellant's argument that his prior conviction under California Penal Code § 211 was not a crime of violence under § 2L1.2 is "foreclosed") (citing *Becerril-Lopez*, 541 F.3d at 893 & n.10), *cert. denied,* 137 S. Ct. 143 (Oct. 3, 2016).

## 2. Expanded List of Enumerated Offenses in Application Note 1 to § 4B1.2 Includes Robbery

At the time of movant's sentencing, paragraph 2 of Application Note 1 stated as follows:

> "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, **robbery**, arson, **extortion**, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2 cmt. n.1 (2012) (emphasis added). The government argues that § 211 robbery is a categorical crime of violence as defined in § 4B1.2, because under the holding of *Becerril-Lopez,* § 211 constitutes either generic robbery or generic extortion which are both included in the list of enumerated offenses in Application Note 1. While

the offense of extortion is listed as an enumerated offense both in the text of § 4B1.2 and in Application Note 1 to § 4B1.2, the offense of robbery appears only in Application Note 1. In light of *Becerril-Lopez's* continued validity, the central dispute presented here is whether the offenses enumerated in Application Note 1 to § 4B1.2 expand on the enumerated offenses clause of § 4B1.2, or interpret the residual clause which has been rendered invalid by *Johnson.* Neither party cites controlling authority on this question.

Movant contends that the holdings of *Flores-Mejia* and *Becerril-Lopez* are inapposite because they arose in the context of a different guideline, § 2L1.2, which does not contain a residual clause and does not include a different definition of a "crime of violence" in the text of the guideline itself, as § 4B1.2 does. Reply at 9. Movant also argues that *Becerril-Lopez* did not address the inconsistency between the enumerated offenses in Application Note 1 to § 4B1.2 and the text of the guideline itself. *Id.* at 9-10 (citing *Stinson v. United States*, 508 U.S. 36, 38 (1993) (commentary in the Sentencing Guidelines Manual that interprets or explains a guideline is binding "unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline"). Since *Johnson* was decided, the Ninth Circuit has not issued a published opinion distinguishing the enumerated offenses listed in the commentary to § 2L1.2, which was at issue in *Becerril-Lopez,* from the enumerated offenses listed in Application Note 1 to § 4B1.2. Nor is there controlling circuit authority on whether robbery and other enumerated offenses appearing only in Application Note 1 to § 4B1.2 categorically qualify as crimes of violence.[2]

---

[2]     This issue is currently pending before the Ninth Circuit in two cases on direct appeal challenging sentences based on findings that prior robbery convictions qualified as crimes of violence: *United States v. Andrews,* No. 15-10030 (notice of appeal filed Jan. 26, 2015) (raising supplemental argument after *Johnson* that the commentary to section 4B1.2, which provides that the term "crime of violence" includes robbery, lacks freestanding definitional power to override the text of the guideline, which is limited to the "elements" and "enumerated" clauses under *Johnson*), *submission deferred* July 28, 2016; *United States v. Biddles,* No. 15-50463 (notice of appeal filed Oct. 29, 2015) (presenting the question whether California Penal Code 211 is a categorical crime of violence based on a provision that appears in the commentary to U.S.S.G. § 4B1.2, but not in the text of the guideline), *held in abeyance* Oct. 6, 2016.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    The Ninth Circuit's unpublished decision in *Tate* is consistent with the view that the

2    more extensive list of enumerated offenses in Application Note 1 is read together with the

3    enumerated offenses clause of the text of § 4B1.2, rather than the residual clause.  In

4    *Tate*, 2016 WL 4191909 at *1, the Ninth Circuit rejected the defendant's argument on

5    appeal that his previous second degree robbery conviction under California Penal Code

6    § 211 did not qualify as a crime of violence under U.S.S.G. § 2K2.1, which applies an

7    enhanced base offense level for a felon in possession of a firearm subsequent to a

8    conviction for a "crime of violence," as defined "in § 4B1.2(a) and Application Note 1 of

9    the Commentary to § 4B1.2."  *See* U.S.S.G. § 2K2.1 cmt. n.1.  The court in *Tate* noted

10   that "Application Note 1 of § 4B1.2 states that robbery and extortion are both crimes of

11   violence."  2016 WL 4191909 at *1 (citing U.S.S.G. § 4B1.2 cmt. n.1 and § 4B1.2(a)(2)).

12   Citing *Becerril-Lopez* as controlling circuit authority left "undisturbed by *Johnson*," the

13   court in *Tate* held that robbery under § 211 is categorically a "crime of violence" because

14   a defendant who commits robbery under § 211 necessarily commits either generic

15   extortion or generic robbery.  2016 WL 4191909 at *1 (citing *Becerril-Lopez*, 541 F.3d at

16   891-93; U.S.S.G. § 4B1.2 cmt. n.1.).

17   Outside the Ninth Circuit, circuit courts have taken opposing views interpreting

18   offenses specified in the commentary to 4B1.2.  Movant cites *United States v. Soto-*

19   *Rivera*, 811 F.3d 53, 60 (1st Cir. 2016), where the First Circuit held that, in the wake of

20   *Johnson,* a prior conviction for being a felon in possession of a firearm, as described in

21   Application Note 1, ¶ 3 to § 4B1.2, does not qualify as a "crime of violence" if § 4B1.2 is

22   stripped of the residual clause because there is "no mechanism or textual hook in the

23   Guideline" to import the offenses described in Application Note 1 into the definition of a

24   crime of violence.  Accordingly, the First Circuit held that the commentary at issue, stating

25   that "'crime of violence' does not include the offense of unlawful possession of a firearm

26   by a felon, unless the possession of a firearm was of a firearm described in 26 U.S.C.

27   § 5845(a)," does not offer an independent basis for finding a predicate crime of violence.

28   *Id.* at 59-60.  "[I]n the absence of the residual clause, there is no textual hook in

1    Guidelines § 4B1.2(a) to allow for the conclusion that his possession of a firearm

2    constituted a crime of violence." *Id.* at 61. *See also United States v. Rollins,* 836 F.3d

3    737, 743 (7th Cir. 2016) (en banc) (adopting *Soto-Rivera*).

4        In contrast to the reasoning of *Soto-Rivera,* several other circuits expressly

5    recognize that "[t]he commentary to § 4B1.2, more specifically Application Note 1 thereof,

6    expands upon the roster of enumerated offenses by specifying additional ones, such as

7    manslaughter and kidnapping, that also constitute crimes of violence." *United States v.*

8    *Mobley*, 687 F.3d 625, 628–29 (4th Cir. 2012) (citing U.S.S.G. § 4B1.2, cmt. n. 1). *See*

9    *also United States v. Marrero*, 743 F.3d 389, 398-99 (3d Cir. 2014) ("offenses listed in

10   what is now Application Note 1 to § 4B1.2 should be considered 'enumerated' offenses

11   for purposes of the crime-of-violence analysis") (citing decisions of other circuits), *cert.*

12   *denied*, 135 S. Ct. 950 (2015) *and abrogated on other grounds by Johnson.* Recently,

13   the Fifth Circuit rejected a *Johnson* challenge to a career offender sentencing

14   enhancement, holding that "Application Note 1 to § 4B1.2 specifically enumerates

15   aggravated assault as a 'crime of violence.'" *United States v. Jeffries*, 822 F.3d 192, 193

16   (5th Cir.) (per curiam), *pet. for reh'g denied*, 829 F.3d 769 (5th Cir. 2016), *cert. pet. filed,*

17   No. 16-6490 (Oct. 17, 2016).

18       The court finds the weight of this circuit authority, treating the offenses listed in ¶ 2

19   of Application Note 1 as enumerated offenses, to be more persuasive and more relevant

20   to the question presented in this case than the First Circuit's limited holding in *Soto-*

21   *Rivera*.[3] There, the First Circuit issued a "narrow" ruling that "Soto-Rivera's particular

22   crime of conviction does not qualify as a 'crime of violence' under the Guidelines." 811

23

24       [3]    The defendant in *Tate* cited *Soto-Rivera* as supplemental authority in support of
         his argument that the commentary to § 4B1.2 has no free-standing authority and that
25       because the offenses enumerated in the commentary explain the residual clause, the
         offenses listed in the commentary are invalidated with the residual clause under *Johnson*.
26       *Tate*, No. 15-10283, doc. no. 32 (9th Cir. June 8, 2016). Although the court in *Tate* did
         not expressly address this argument or distinguish *Soto-Rivera*, the court relied on the
27       expanded list of enumerated offenses contained in Application Note 1 and implicitly
         rejected the view that *Johnson* rendered the commentary to § 4B1.2 invalid or
28       inconsistent with the text of the guideline itself. *Tate*, 2016 WL 4191909 at *1.

F.3d at 54.  The court in *Soto-Rivera* was not presented with the question whether the list of enumerated offenses specified in Application Note 1 ¶ 2, including generic robbery and extortion, refers back to the residual clause of § 4B1.2 or expands on the enumerated offenses clause.  The reasoning of *Soto-Rivera,* that the absence of the residual clause leaves "nothing within § 4B1.2(a)'s text to serve as an anchor for Application Note 1's inclusion of possession of a machinegun" in ¶ 3, does not apply squarely to the list of offenses specified in ¶ 2 of Application Note 1, which includes three of the offenses that are identified in the enumerated offenses clause of § 4B1.2: arson, extortion and burglary of a dwelling.  The presence of those three enumerated offenses in both the text of § 4B1.2 and its commentary provide the "textual hook" that was found lacking in *Soto-Rivera*.

In determining that the enumerated offenses in Application Note 1 expand on the enumerated offenses listed in the text of § 4B1.2, the court notes that the Sentencing Commission amended the guidelines, effective August 1, 2016, to expand the definition of a crime of violence in the text of the § 4B1.2 to include robbery and other enumerated crimes from Application Note 1.  U.S.S.G. Amendment 798 ("For easier application, all enumerated offenses are now included in the guideline at § 4B1.2; prior to the amendment, the list was set forth in both § 4B1.2(a)(2) and the commentary at Application Note 1.").  Although the recent guideline amendment does not decide the issue presented here, it is consistent with the court's determination that both robbery and extortion are enumerated offenses in the definition of a crime of violence under § 4B1.2.

The court recognizes the anomaly presented by the finding that § 211 is not a categorical crime of violence under 18 U.S.C. § 16(b), compared to the finding that § 211 is a crime of violence under § 4B1.2, but this inconsistency reflects the distinction between the two definitions of "crime of violence" at issue in the claims presented, particularly in the residual and enumerated offenses clauses.  In light of recent Ninth Circuit authority, both published and unpublished, recognizing the continued validity of the holding of *Becerril-Lopez* that robbery under California Penal Code § 211 is a

United States District Court
Northern District of California

categorical crime of violence as defined in the commentaries to the Sentencing Guidelines, the court determines that movant's prior conviction for second degree robbery qualifies as a crime of violence under § 4B1.2 and Application Note 1 to § 4B1.2. Accordingly, movant is not entitled to relief under § 2255 from the sentencing enhancement on his firearms offenses pursuant to § 2K2.1.

### C.     Resentencing

Movant has demonstrated that his § 931 conviction and sentence for unlawful possession of body armor violates due process of law, warranting relief under § 2255. He has not, however, shown any basis under *Johnson* for challenging the sentencing enhancement on the firearms offenses pursuant to § 2K2.1.

Because the court vacates the § 931 conviction, movant is entitled to resentencing on the remaining counts of conviction. Ninth Circuit authority recognizes that although a district court does not have inherent power to resentence defendants at any time, it is authorized to do so following a successful § 2255 motion, even if only one count of conviction is vacated. *United States v. Handa*, 122 F.3d 690, 691 (9th Cir.), *as amended on reh'g* (Aug. 4, 1997). The court is authorized to vacate the entire sentence because movant was sentenced on multiple counts, and if one count is vacated, the sentencing package becomes "unbundled," in the Ninth Circuit's view:

> The court construes the multiple sentences given a defendant convicted of more than one count of a multiple count indictment as "a package," reflecting the likelihood that the sentencing judge will have attempted to impose an overall punishment taking into account the nature of the crimes and certain characteristics of the criminal. When part of the sentence is set aside as illegal, the package is "unbundled." After the unbundling the district court is free to put together a new package reflecting its considered judgment as to the punishment the defendant deserves for the crimes of which he is still convicted.

*Handa*, 122 F.3d at 692 (citing *United States v. Binford*, 108 F.3d 723, 728 (7th Cir. 1997)). *See also United States v. Bennett*, 363 F.3d 947, 956 (9th Cir. 2004) (remanding for resentencing after affirming one count and reversing the other count, where the district court imposed sentences on both counts to run concurrently).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Movant has pointed out that his original guideline range was calculated based on

2    an erroneous finding that he had two prior robbery convictions to support the 10-level

3    sentencing enhancement on the firearms offenses under § 2K2.1(a)(2), when the record

4    shows that he suffered only one prior conviction on two counts of robbery, which would

5    support a 6-level enhancement under § 2K2.1(a)(4)(A).  Mot. at 2 n.1 (citing PSR ¶ 58).

6    Movant did not assert this error is a separate ground for relief under § 2255, but asks that

7    upon resentencing, the court correct this erroneous finding that his prior counts of

8    robbery should be counted as two separate felony convictions.  Reply at 15 and n.10.

9    Under the court's "broad and flexible power [ ] derived from the equitable nature of

10   habeas corpus relief," *Handa*, 122 F.3d at 691, the court directs the parties and the

11   probation office to address this asserted error in making recommendations for

12   resentencing.

13                                   **CONCLUSION**

14    Lam's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C.

15   § 2255 is GRANTED IN PART as to the conviction and sentence on Count Five of the

16   superseding indictment for violation of 18 U.S.C. § 931, and DENIED IN REMAINING

17   PART.

18    Accordingly, this matter is set for resentencing on **March 22, 2017 at 1:30 p.m**.

19   The court will vacate the judgment and enter an amended judgment at the time of

20   resentencing.  The parties may stipulate to waive movant's appearance at the

21   resentencing hearing.  By **March 1, 2017**, the probation office shall prepare a

22   resentencing memorandum to include revised guideline calculations; information about

23   post-conviction rehabilitation and performance in prison, particularly in light of its

24   tendency to reveal likelihood of future criminal conduct; and a revised sentencing

25   recommendation after considering § 3553(a) factors.  *See United States v. Trujillo,* 713

26   F.3d 1003, 1010 (9th Cir. 2013).  The parties shall file their sentencing memoranda no

27   later than **March 8, 2017**.

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability ("COA"), a petitioner must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The court finds that this standard is met by movant's claim that he was sentenced in violation of his rights to due process pursuant to a guideline enhancement based on a finding that his prior robbery conviction qualified as a crime of violence, as defined in U.S.S.G. § 4B1.2. Accordingly, the court GRANTS a COA on that claim.

**IT IS SO ORDERED.**

Dated: February 6, 2017

_____

PHYLLIS J. HAMILTON
United States District Judge